IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| M. KATHLEEN McKINNEY, Regional Director of Region 15 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD, </br></br>Petitioner, </br></br>v. </br></br>STARBUCKS CORPORATION </br></br>Respondent | ) ) ) ) ) ) ) ) )   No._____-CV-_____ ) ) ) ) ) |

**PETITION FOR TEMPORARY INJUNCTION PURSUANT TO SECTION 10(j) OF THE NATIONAL LABOR RELATIONS ACT**

To the Honorable Judges of the United States District Court for the Western District of Tennessee:

Comes now M. Kathleen McKinney, Regional Director of Region 15 of the National Labor Relations Board (the Board), and petitions this Court, for and on behalf of the Board, pursuant to Section 10(j) of the National Labor Relations Act, as amended (the Act) [61 Stat. 149; 73 Stat. 544; 29 U.S.C. §160(j)], for appropriate injunctive relief pending the final disposition of the matters involved herein pending before the Board, based upon an administrative complaint of the General Counsel for the Board, alleging that Starbucks Corporation (Respondent), has engaged in, and is engaging in, acts and conduct in violation of Section 8(a)(1) and (3) of the Act, [29 U.S.C.§158(a)(1) and (3)], which, among other things, prohibits employers from discharging employees for engaging in union and protected concerted activities for the purpose of mutual aid and protection.  In support of this Petition, Petitioner respectfully shows as follows:

1

1. Petitioner is the Regional Director of Region 15 of the Board, an agency of the United States Government, and files this Petition for and on behalf of the Board, which has authorized the filing of this Petition.

2. Jurisdiction of this Court is invoked pursuant to Section 10(j) of the Act, [ 29 U.S.C. § 160 (j)], which provides, *inter alia*, that the Board shall have power, upon issuance of a complaint charging that any person has engaged in or is engaging in an unfair labor practice, to petition any United States district court, within any district wherein the unfair labor practice in question is alleged to have occurred or wherein such person resides or transacts business for appropriate temporary relief or restraining order.

3. On about the dates set forth below, Workers United (the Union), pursuant to the provisions of the Act, filed with the Board the charges set forth below (which are filed herewith as PEXs 1-4) alleging that Respondent has engaged in and is engaging in unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act:

(a) The charge in Case 15-CA-290336 was filed with the Board against Respondent on February 8, 2022. (PEX 1).

(b) The charge in Case 15-CA-290337 was filed with the Board against Respondent on February 9, 2022. (PEX 2).

(c) The charge in Case 15-CA-293868 was filed with the Board against Respondent on April 12, 2022. (PEX 3). Thereafter, the charge was amended and filed with the Board on May 9, 2022. (PEX 4).

4. The aforementioned charges were referred to Petitioner as Regional Director of Region 15 of the Board.

5. Following a full and thorough investigation, during which Respondent was given an opportunity to submit evidence and legal arguments, Petitioner determined there is reasonable cause to believe, as alleged in the charges, that Respondent is engaging in unfair labor practices in violation of Section 8(a)(1) and (3) of the Act, and affecting commerce within the meaning of Section 2(6) and (7) of the Act.

6. Based upon the Board charges filed in this proceeding, and pursuant to Section 10(b) of the Act [29 U.S.C. § 160(b)], the General Counsel of the Board, on behalf of the Board, by Petitioner, issued a Consolidated Complaint and Notice of Hearing on April 22, 2022 (PEX 5). The Petitioner issued an Order Further Consolidating Cases, Second Consolidated Complaint and Notice of Hearing (Consolidated Complaint) on May 9, 2022, alleging that Respondent has been engaging in unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act. (A copy of the Consolidated Complaint is filed herewith as PEX 6).[1] The Consolidated Complaint contains the following:

(a) At all material times, Respondent, a Washington corporation with headquarters in Seattle, Washington, has been engaged in the retail operation of restaurants throughout the United States and the Memphis, Tennessee area, including one located at 3388 Poplar Avenue, Memphis, Tennessee (Respondent's facility).

(b) Annually, in conducting its operations described above in paragraph 6(a), Respondent derived gross revenues in excess of $500,000.

(c) During the period of time described above in paragraph 6(b), Respondent purchased

---

[1] Petitioner has filed the exhibits referenced in this Petition, and other documents and affidavits in support of the Petition, in the Index of Exhibits to Petition for Temporary Injunction. The names of independent employee witnesses, as well as other information that would reveal their identities, have been redacted from the affidavits for employee protection.

and received at its Memphis, Tennessee facility products, goods, and materials valued in excess of $5,000 directly from points outside the State of Tennessee.

    (d)    At all material times, Workers United (the Union) has been a labor organization within the meaning of Section 2(5) of the Act.

    (e)    At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6) and (7) of the Act.

    (f)    At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act:

| Name | | Position |
|---|---|---|
| Brett Bates | - | Regional Vice President |
| Amandalynn Line | - | Area Regional Director |
| Cedric Morton | - | District Manager |
| Elizabeth Page | - | Store Manager |

    (g)    Since about January 19, 2022, Respondent has more closely supervised the work of its employees by increasing the frequency and length of time its managers are present at Respondent's facility.

    (h)    From about January 21 to January 23, 2022, Respondent closed the lobby/café portion of its facility.

    (i)    Between late January 2022 and early February 2022, a more exact date being currently unknown to the General Counsel, Respondent, by Elizabeth Page, at Respondent's facility, confiscated and removed pro-union materials from the community bulletin board.

    (j)    About January 12, 2022, Respondent issued two disciplinary write ups to its employee Cara Nicole Taylor.

    (k)    From about January 21 to January 23, 2022, Respondent closed the lobby/café portion of its facility.

    (l)    About February 8, 2022, Respondent discharged its employees:

        (1)    Florentino Escobar
        (2)    Lakota McGlawn
        (3)    Nabretta Hardin
        (4)    Luis "Beto" Sanchez
        (5)    Cara Nicole Taylor
        (6)    Kylie Throckmorton
        (7)    Emma Worrell

    (m)    Respondent engaged in the conduct described above in paragraph 6(j) because the named employee joined or assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

    (n)    Respondent engaged in the conduct described above in paragraph 6(k) because its employees joined or assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

    (o)    Respondent engaged in the conduct described above in paragraph 6(l) because the named employees joined or assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

    (p)    By the conduct described above in paragraphs 6(g) through 6(i), Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

    (q)    By the conduct described above in paragraphs 6(j) through 6(l), Respondent has been discriminating in regard to the hire or tenure or terms or conditions of employment of its

employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

    (r)    The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

7.    Upon information and belief, it may be fairly anticipated that, unless enjoined by this Court, Respondent will continue to engage in the conduct set forth in paragraphs 6(g) through 6(l) or similar acts in violation of Section 8(a)(1) and (3) of the Act.

8.    There is imminent danger that substantial and irreparable injury will impact Respondent's employees unless the continuation of the above-mentioned unfair labor practices is immediately restrained. A serious flouting of the Act and of public policies involved in the Act will continue, with the result that enforcement of important provisions of the Act and of public policy will be impaired before Respondent can be placed under legal restraint through the regular procedures of a Board order. Unless injunctive relief is immediately obtained, it may fairly be anticipated that Respondent will continue its unlawful conduct during the proceedings before the Board with the result that employees will continue to be deprived of their fundamental right to engage in protected concerted activity for mutual aid or protection, a harm which cannot be remedied in due course by the Board. It is therefore necessary, just and proper that the effects of Respondent's acts and conduct be dissipated by remedial action on the part of Respondent so that its employees can freely exercise the rights guaranteed them by the Act and their rights not be impeded, impaired or hindered.

9.    Upon information and belief, to avoid the serious consequences set forth above, it is essential, appropriate and just and proper, for the purposes of effectuating the policies of the Act and avoiding substantial, irreparable, and immediate injury to such policies, to the public interest,

and to employees of Respondent, and in accordance with the purposes of Section 10(j) of the Act, that, pending the final disposition of the matters involved herein by the Board, Respondent be enjoined and restrained from the commission of the acts and conduct alleged above, similar acts and conduct, or repetitions thereof.

10. No previous application has been made by Petitioner for the relief requested herein.

**WHEREFORE, Petitioner prays:**

1. That this Court issue an Order directing Respondent to appear before this Court, at a time and place fixed by the Court, and show cause, if any there be, why a temporary injunction should not issue enjoining and restraining Respondent, its officers, representatives, supervisors, agents, employees, attorneys, and all persons acting on its behalf or in participation with it, from engaging in the acts and conduct described above, similar or like acts, or other conduct in violation of Section 8(a)(1) and (3) of the Act, or repetitions thereof, and that the instant Petition be disposed of on the basis of the briefs and affidavits, without oral testimony, absent further order of the Court.

2. That this Court issue an Order directing Respondent, its officers, representatives, supervisors, agents, employees, attorneys, and all persons acting on its behalf or in participation with it, to cease and desist from the following acts and conduct, pending the final disposition of the matters involved herein by the Board:

(a) Discharging, disciplining or otherwise discriminating against employees because of their activities on behalf of and support for the Union or any other labor organization;

(b) More closely supervising or monitoring the activities of employees because of their activities on behalf of and support for the Union or any other labor organization;

(c) Preventing employees from engaging in protected activity by closing lobby/café portion of its facility and confiscating and removing union and pro-union materials from the community bulletin board; and

(d) In any other manner interfering with, restraining, or coercing its employees in the exercise of the rights guaranteed them in Section 7 of the Act.

3. That the Court further order Respondent, its officers, representatives, supervisors, agents, employees, attorneys, and all persons acting on its behalf or in participation with it, to take the following affirmative action necessary to effectuate the policies of the Act pending the final disposition of the matters involved herein by the Board:

(a) Within five (5) days of this Court's Order, offer, in writing, Florentino Escobar, Nabretta Hardin, LaKota McGlawn, Luis "Beto" Sanchez, Cara Nicole Taylor, Kylie Throckmorton, and Emma Worrell full reinstatement to their former jobs or, if those positions no longer exist, to substantially equivalent positions without prejudice to their seniority or any other rights and privileges previously enjoyed, and displacing, if necessary, any employee who may have been hired, contracted for, or reassigned to replace them;

(b) Within five (5) days of this Court's Order, rescind and expunge the unlawful discipline issued to Cara Nicole Taylor and refrain from relying on that discipline in issuing any future discipline;

(c) Within seven (7) days of the issuance of the District Court's Decision and Order:

  i. Post physical copies of the District Court's Order at Respondent's Memphis store, as well as translations in other languages as necessary to ensure effective communication to Respondent's employees as determined by the Board's Regional Director of Region 15, said translations to be provided by

    Respondent at the Respondent's expense and approved by the Regional Director, on the bulletin board, in all breakrooms, and in all other places where Respondent typically posts notices to its employees at the Memphis store; maintain these postings during the pendency of the Board's administrative proceedings free from all obstructions and defacements; grant all employees free and unrestricted access to said postings; and grant to agents of the Board reasonable access to its worksite to monitor compliance with this posting requirement;

ii. Distribute electronic copies of the District Court's Order, as well as translations in other languages as necessary to ensure effective communication to Respondent's employees as determined by the Board's Regional Director of Region 15, said translations to be provided by Respondent at Respondent's expense and approved by the Regional Director, to all employees employed by Respondent in the United States and its Territories via the Partner Hub, and all other intranet or internet sites or apps that Respondent uses to communicate with employees;

iii. Convene one or more mandatory meetings, on working time and at times when Respondent customarily holds employee meetings and scheduled to ensure the widest possible attendance, at Respondent's Memphis store, during which the District Court's Order will be read to all employees, supervisors, managers, and agents, or at Respondent's option, by an agent of the Board in English. Respondent shall also afford the Union, through the Regional Director, reasonable notice and opportunity to have a

    representative present when the Order is read to employees. Interpreters shall be made available for any individual whose language of fluency is other than English at Respondent's expense. Respondent shall announce the meeting(s) for the Order reading in the same manner it would customarily announce a meeting to employees; the meeting(s) shall be for the above-stated purpose only. Individuals unable to attend the meeting to which they have been assigned will be able to attend a subsequent meeting during which the same reading shall take place under the same conditions. Respondent shall allow all employees to attend these meetings without penalty or adverse employment consequences, either financial or otherwise;

    iv. Distribute electronic copies of a high-level Respondent official (in the presence of a Board agent) or a Board agent (in the presence of a high-level Respondent official) reading the District Court's Order, on its Partner Hub and all other intranet or internet sites or apps that Respondent uses to communicate with employees, such that the video can be accessed by employees at all of its stores in the United States and its Territories.

(d)    Within twenty (20) days of the issuance of the District Court's Decision and Order, file with the Court, with a copy submitted to the Regional Director of Region 15 of the Board, a sworn affidavit from a responsible official of Respondent describing with specificity the manner in which Respondent has complied with the terms of this Court's Order, including how and where the documents have been posted, and the date(s), time(s), and location(s) that the order was read to employees and by whom.

4.       That, upon return of the Order to Show Cause, the Court issue an order enjoining and restraining Respondent in the manner set forth above and in the manner set forth in Petitioner's Order Granting Temporary Injunction. Pursuant to the Local Rules, the aforementioned Orders will be emailed to the Judge assigned to this matter.

5.       That the Court grant such other and further relief as may be just and proper.

6.       That the Court grant expedited consideration of this Petition, consistent with 28 U.S.C. §1657(a) and the remedial purposes of Section 10(j) of the Act.

Dated at Memphis, Tennessee this 10th day of May 2022.

M. Kathleen McKinney, Regional Director
National Labor Relations Board – Region 15
600 South Maestri Place, 7th Floor
New Orleans, LA 70130-3408

By:

*/s/ William T. Hearne*
COUNSEL FOR PETITIONER
National Labor Relations Board
Region 15, Subregion 26
80 Monroe Avenue, Suite 350
Memphis, TN  38103
Telephone: (901) 425-7232
Facsimile: (901) 544-0008
E-mail: william.hearne@nlrb.gov
Oklahoma Bar No. 17642

*/s/Christopher J. Roy*
COUNSEL FOR PETITIONER
National Labor Relations Board
Region 15, Subregion 26
80 Monroe Avenue, Suite 350
Memphis, TN  38103
Telephone: (901) 425-7234
Facsimile: (901) 544-0008
Email: christopher.roy@nlrb.gov
California Bar No. 188872

*/s/ Beauford D. Pines*
COUNSEL FOR PETITIONER
National Labor Relations Board
Region 15
600 South Maestri Place, 7th Floor
New Orleans, LA 70130
Telephone: (504) 321-9579
Facsimile: (504) 589-4069
E-mail: beauford.pines@nlrb.gov
Louisiana Bar No. 27037

STATE OF LOUISIANA )
)
PARISH OF ORLEANS )

I, M. Kathleen McKinney, being duly sworn, depose and say:

I am the Regional Director for the New Orleans Regional Office, Region Fifteen of the National Labor Relations Board. I have read the Petition for Temporary Injunction Under Section 10(j) of the National Labor Relations Act, and know the contents thereof and the statements therein made upon personal knowledge are true and those made upon information and belief, I believe to be true.

_____
M. KATHLEEN McKINNEY

Subscribed and sworn to before me
this 10 th day of May, 2022

_____  #66212
NOTARY PUBLIC

My commission expires: at my death