IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| M. KATHLEEN McKINNEY, Regional Director of Region 15 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>Petitioner,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>Respondent | No. 22-cv-2292<br>Judge Sheryl H. Lipman |

**WORKERS UNITED REPLY BRIEF IN SUPPORT OF ITS MOTION TO INTERVENE OR, IN THE ALTERNATIVE, TO PARTICIPATE AS AMICUS CURIAE**

Workers United submits this reply brief to address two points regarding the National Labor Relations Board's (NLRB) Opposition to Workers United's Motion.

First, the NLRB largely cites decades-old cases from other circuits, interpreting different sections of the NLRA, in support of its argument that intervention is inappropriate. *See* Opp. At 2-4. In doing so, it fails to address relevant Supreme Court precedent cited by Workers United making clear that the NLRA encompasses important private interests that may be protected by a union's participation in a court proceeding brought by the Board. *Automobile Workers v. Scofield,* 382 US 205, 218-21 (1965); *see also Trbovich v. Mine Workers*, 404 U.S. 528, 530 (1972) (although DOL brought case on behalf of public, that did not preclude intervention).

Further, it ignores Sixth Circuit precedent holding that "an intervenor need not have the same standing necessary to initiate a lawsuit in order to intervene in an existing district court suit where the plaintiff has standing." *Associated Builders & Contractors v. Perry,* 16 F.3d 688, 690

(6th Cir. 1994). Thus, while the Board is correct that "the right to seek a temporary injunction to enjoin unfair labor practices pursuant to Section 10(j) of the Act is *exclusively* within the authority of the Board," Opp. at 2, that does not answer the intervention question. Put another way, although Workers United would not have standing to bring a request for a 10(j) injunction on its own, that does not preclude intervention if the Rule 24 factors are met. The Board fails to analyze any of those factors, either for required or permissive intervention. As shown in Workers United's opening brief, when properly analyzed the factors support intervention.

Second, neither the Board or Starbucks object to Workers United participating as amicus, including Workers United's request to do so by offering evidence at the hearing and participating in any discovery. *See* Mot. at 10-11 (citing *Davis v. Balson*, 461 F. Supp. 842, 847 (N.D. Ohio 1978) and *EEOC v. Boeing Co.*, 109 F.R.D. 6, 11 (W.D. Wash. 1985). Thus, <u>at a minimum, the Court should permit Workers United the opportunity to participate in all Court proceedings and in discovery.</u> *See also Zipp v. Caterpillar, Inc.,* 858 F. Supp. 794, 795 (C.D. Ill. 1994) (permitting union participation as amicus); *Dunbar ex rel. NLRB v. Landis Plastics, Inc.*, 996 F. Supp. 174, 180 (N.D.N.Y. 1998) (same).

## CONCLUSION

For the reasons set forth in this reply and the original motion, the Court should grant intervention under Rule 24(a) or Rule 24(b). Alternatively, it should permit Workers United to participate as an amicus curiae. Regardless of whether the Court grants intervention or amicus participation, it should permit Workers United to participate in discovery and submit evidence and arguments to the Court.

Respectfully submitted this 16th day of May 2022.

2

    */s/ Michael Schoenfeld*
Michael Schoenfeld
GA Bar No. 863727
Admitted pro hac vice
Stanford Fagan LLC
2540 Lakewood Ave. SW
Atlanta, GA 30315
michaels@sfglawyers.com
404-402-1220

Mary Joyce Carlson
DC Bar No. 987939
Pro hac vice motion forthcoming
Counsel to Workers United Starbucks Campaign
1629 K St. NW, Suite 1050
Washington, DC 20006
carlsonmjj@yahoo.com
Tel: 202-230-4096

Ian Hayes
NY Bar No. 5265889
Pro hac vice motion forthcoming
Hayes Dolce
471 Voorhees Ave.
Buffalo, NY 14216
ihayes@hayesdolce.com
Tel: 716-608-3427

## CERTIFICATE OF SERVICE

      I certify that on May 16, 2022, the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                            <u>/s/ Michael Schoenfeld</u>
                                            Michael Schoenfeld