# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: September 06, 2022

Ms. Mary Joyce Carlson
Mr. Michael Paul Ellement
Mr. Ryan Edward Griffin
Mr. Daniel M. Rosenthal
James & Hoffman
1629 K Street, N.W., Suite 1050
Washington, DC 20006

Mr. Arthur T. Carter
Littler Mendelson
2001 Ross Avenue, Suite 1500
Dallas, TX 75201

Ms. Laurie Monahan Duggan
Mr. Richard J. Lussier
Ms. Laura T. Vazquez
National Labor Relations Board
1015 Half Street, S.E.
Washington, DC 20003

Mr. Alfred John Harper III
Littler Mendelson
1301 McKinney Street, Suite 1900
Houston, TX 77010

Re:  Case No. 22-5730, *M. McKinney v. Starbucks Corporation*
     Originating Case No. : 2:22-cv-02292

Dear Counsel,

  The Court issued the enclosed Order today in this case.

                                Sincerely yours,

                                s/Cathryn Lovely
                                Opinions Deputy

cc:  Mr. Thomas M. Gould

Enclosure

NOT RECMMENDED FOR PUBLICATION

No. 22-5730

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| M. KATHLEEN MCKINNEY, Regional Director of Region 15 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>   Petitioner-Appellee,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>   Respondent-Appellant. | **FILED**<br>Sep 06, 2022<br>DEBORAH S. HUNT, Clerk<br><br>O R D E R |

Before: GRIFFIN, NALBANDIAN, and READLER, Circuit Judges.

PER CURIAM. While waiting for the National Labor Relations Board to decide whether Starbucks Corporation engaged in unfair labor practices, the Board's Regional Director petitioned the district court for a temporary injunction. The court partially granted the relief requested, requiring Starbucks to, among other things, offer reinstatement to seven employees it allegedly terminated for participating in union activities for Workers United. Starbucks moves to stay the injunction pending appeal and strike Workers United's amicus response and attached declarations. We vacate our prior administrative stay, deny Starbucks's motions to strike, and deny Starbucks's motion to stay.

No. 22-5730

## I.

Starbucks, the world's largest coffeehouse chain, operates almost 9,000 stores across the country. After its employees began unionizing efforts at a Memphis store, Starbucks allegedly engaged in unfair labor practices. It terminated seven employees who engaged in pro-union activities, known recently as the "Memphis Seven."[1]

In response, Workers United ("the Union") filed three unfair labor practice charges against Starbucks. The National Labor Relations Board ("the Board") investigated and issued a consolidated complaint. The Board asserted that Starbucks violated §§ 8(a)(1) and (3) of the National Labor Relations Act ("the Act") by taking corrective action against an employee after overhearing her talk about unionizing; obstructing a sit-in by closing the store lobby; removing pro-union materials from a bulletin board; increasing manager monitoring after learning that store employees had publicly announced their union efforts; and terminating the Memphis Seven after they engaged in pro-union-organizing activity.

Although the Union and the Board have filed actions, no administrative hearing has taken place. In the meantime, the Board seeks to reinstate the Memphis Seven under § 10(j) of the Act. That section allows the Board to petition a district court for temporary, interim-injunctive relief while awaiting administrative hearings on unfair labor practices. 29 U.S.C. § 160(j).

The district court's § 10(j) proceedings are "ancillary" to the Board's own proceedings. *Fleischut v. Nixon Detroit Diesel, Inc.*, 859 F.2d 26, 28 (6th Cir. 1988). The district court does *not* adjudicate the merits of unfair labor practices; that question remains in the Board's exclusive jurisdiction, subject to appellate court review. *Id.* Instead, the court can only grant the Board temporary relief "as it deems just and proper." § 160(j). This process "reflects Congress' view"

---

[1] *See* @memphisseven901, Twitter, https://twitter.com/memphisseven901 (last visited Sept. 6, 2022). Before the termination, the Memphis Seven accounted for eighty percent of the organizing committee for Workers United. (R. 86, Order, PageID 1805.)

2

that interim relief can "restore and preserve the status quo, pending final Board adjudication." *Fleischut*, 859 F.2d at 28–29. Or that such relief can "avoid frustration of the basic remedial purposes of the Act and possible harm to the public interest." *Id.*

With that in mind, the Board petitioned the district court for a temporary § 10(j) injunction. And the Union received leave to participate as an amicus curiae. The district court held a two-day hearing and considered post-hearing briefs before issuing relief. After finding "reasonable cause" that unfair labor practices occurred, the court ordered injunctive relief as "just and proper." *McKinney v. Ozburn-Hessey Logistics, LLC*, 875 F.3d 333, 339 (6th Cir. 2017) (citations omitted).

Under the injunction, Starbucks had to: by August 23, offer to reinstate the Memphis Seven and rescind prior discipline against one of the employees; by August 25, post certain notices, grant all store employees access to said notices, and grant Board agents access to the store to monitor compliance; and by September 7, comply with court-ordered directives related to the injunction. Starbucks asked the district court to stay the injunction. The district court denied Starbucks's motion for a stay, leaving in place the injunction's prior deadlines. This appeal followed. Starbucks requests a stay pending an appeal and moves to strike the Union's amicus response and attached declarations. We granted an administrative stay to consider Starbucks's request and ordered expedited briefing.

## II.

First, we address the motions to strike. Starbucks moves to strike the Union's 3,388-word response for exceeding the permitted length. The Union has since filed a corrected response with fewer words. In exercising our discretion, we will consider the corrected response.

Next, Starbucks argues that the Union cannot submit the new employee declarations because nothing permits an amicus curiae to attach declarations to a response. Although it is within "the sound discretion of the courts" to determine an amicus curiae's extent of participation, *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991) (citation omitted), an amicus generally "has

3

no rights other than the conditional right to file 'a brief' in accordance with Rule 29" of the Federal Rules of Appellate Procedure. 16AA Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3975.1 (5th ed. 2022). Courts limit amici "to issues raised or the implications of issues raised by the parties. It is improper for the court to ask amicus to go further." David G. Knibb, *Federal Court of Appeals Manual* § 32:14 (7th ed. 2022).

Nevertheless, this matter is before us on a request for a stay of an injunction and not on the "merits." In these situations, we may look to additional evidence, in our discretion, in making our determination. Although we are hesitant to permit that evidence from an outside party, here the declarations are being submitted by the employees themselves who are at the center of this dispute. Therefore, we decline Starbucks's request to strike them.

### III.

Second, we address the motion to stay. Four factors determine whether we can stay an injunction pending an appeal: (1) the movant's likelihood of success on appeal; (2) the potential for irreparable injury to the movant absent a stay; (3) the harm to others from a stay; and (4) the public's interest in a stay. *Dodds v. U.S. Dep't of Educ.*, 845 F.3d 217, 220−21 (6th Cir. 2016) (per curiam) (order). "The first two factors . . . are the most critical," and a stay requires more than a "possibility" of both. *Nken v. Holder*, 556 U.S. 418, 434−35 (2009) (internal quotations omitted).

Starbucks fails to meet the first. It fails to show more than a possibility of success on appeal against the district court's grant of a § 10(j) injunction. And this comes as no surprise. The Board's § 10(j) relief came with a "relatively insubstantial" burden. *Schaub v. W. Mich. Plumbing & Heating, Inc.*, 250 F.3d 962, 969 (6th Cir. 2001) (citation omitted). The Board does not have to prove a violation of the Act or even a valid liability theory; instead, it need only show a "substantial and not frivolous" legal theory. *McKinney*, 875 F.3d at 339 (internal quotations omitted). From there, a district court can find "reasonable cause" to believe that unfair labor practices occurred and issue § 10(j) relief as "just and proper." *Id.* (citations omitted).

Knowing this hurdle, we accord great deference to a district court's grant of a § 10(j) injunction. *Sheeran v. Am. Com. Lines, Inc.*, 683 F.2d 970, 976 (6th Cir. 1982); *see Schaub*, 250 F.3d at 970–71. We review de novo the district court's finding that the Board had a substantial theory, and we review "that there are facts consistent with the Board's legal theory for clear error." *McKinney*, 875 F.3d at 339. And if facts support the Board's theory of liability, we cannot find a court's findings "clearly erroneous." *Id.* (internal quotations omitted). Lastly, we review the finding that an injunction is "just and proper" for abuse of discretion. *Id.*

**A.      The district court did not err in finding "reasonable cause" of unfair labor practices.**

The court did not err in finding reasonable cause. The Board asserts a substantial legal theory that Starbucks violated the Act by, among other things, terminating the Memphis Seven for participating in pro-union activities. Consistent with that theory, facts support the court's "reasonable cause" finding that Starbucks engaged in unfair labor practices.

The court relied on sufficient evidence before finding reasonable cause for § 10(j) relief. It first found that the Memphis Seven engaged in a protected activity. Despite conflicting testimony in the record, the court next reasoned that the Board met its burden in proving that Starbucks knew of the Memphis Seven's organizing efforts. The court pointed to the employees' conversations with management and the public announcements of union activities. Finally, circumstantial evidence informed the court that Starbucks's stated reasons for imposing discipline were pretext for anti-union animus. From the record, the court found reasonable cause that Starbucks retaliated against an employee after making public announcements, did not penalize other employees for similar infractions in the past, closed its lobby to interfere with planned union sit-ins, and removed union literature from the community bulletin board.

Starbucks asserts that the Board did not establish reasonable cause. Starbucks offers its own conflicting evidence, challenges the weight afforded to evidence, and questions the use of circumstantial evidence. On each ground, Starbucks does not have a likelihood of success on

appeal. A district court "need not resolve conflicting evidence between the parties or make credibility determinations." *Ahearn v. Jackson Hosp. Corp.*, 351 F.3d 226, 237 (6th Cir. 2003) (internal quotations omitted). Again, so long as facts support the Board's theory of liability, we will not find the court's findings clearly erroneous. *Id.* And courts can rely on circumstantial evidence. *Airgas USA, LLC v. NLRB*, 916 F.3d 555, 561 (6th Cir. 2019). Because facts support the Board's theory of liability, we cannot hold the district court's findings clearly erroneous. *McKinney*, 875 F.3d at 339.

**B.     The district court did not err by finding an injunction "just and proper."**

After finding reasonable cause, the district court found partial relief "just and proper" to protect the Board's remedial powers and end the frustration against collective bargaining. The Board argued that § 10(j) relief (like reinstating the Memphis Seven) would stop the chilling of union efforts. Although the Union's certification vote had overwhelmingly passed, Starbucks had discharged eighty percent of the organizing committee. As a result, the court determined that other employees felt chilled by Starbucks's alleged retaliation. This, the court found, warranted the interim relief. Again, at this stage of the proceeding, we do not find error in the court's decision.

Starbucks challenges the "just and proper" conclusion. It argues that the court improperly elevated subjective evidence of a chilling effect over contrary objective evidence, ignored intervening events, and did not explain the need for the extraordinary relief. We disagree.

The district court properly considered an employee's fear of retaliation from participating in pro-union activities. *See NLRB v. Main St. Terrace Care Ctr.*, 218 F.3d 531, 539 (6th Cir. 2000) (upholding a finding of a violation if an employer's statement tends to coerce). And the court did not just rely on the employee's testimony. It also explained the exacerbated-chilling effect that arises when a newly certified union has not yet entered an initial-collective-bargaining agreement and an employer fires the organizing-committee members. *See Ahearn*, 351 F.3d at 239 (holding that a court did not abuse its discretion in reinstating employees because the terminations would

6

otherwise "have an inherently chilling effect on other employees"); *Bloedorn v. Francisco Foods, Inc.*, 276 F.3d 270, 298–99 (7th Cir. 2001); *Pascarell v. Vibra Screw Inc.*, 904 F.2d 874, 880 (3d Cir. 1990).

Nor did the court err when ordering reinstatement while recognizing the Union's certification vote. The district court wanted to return events to the "status quo." *Schaub*, 250 F.3d at 971. That is, "the state of affairs existing before the alleged unfair labor practices took place." *Id.* (quoting *Frye v. Specialty Envelope, Inc.*, 10 F.3d 1221, 1226 (6th Cir. 1993) (per curiam)). The court believed the Union's certification vote did not impact the status quo. *See McLeod v. Gen. Elec. Co.*, 385 U.S. 533, 535 (1967) (per curiam) (requiring a district court, before exercising its discretion, to "determine in the first instance the effect of this supervening event upon the appropriateness of injunctive relief"). And the court defined the status quo as the state before Starbucks terminated the Memphis Seven and no chilling effect on pro-union efforts had occurred.

To obtain this status quo, the court found § 10(j) extraordinary relief reasonably necessary. Courts have the discretion to order interim reinstatement and the "unseating of current employees" if they find the relief "reasonably necessary to preserve the Board's ability to remedy the unfair labor practices . . . ." *Muffley v. Voith Indus. Servs., Inc.*, 551 F. App'x 825, 835 (6th Cir. 2014); *see Schaub v. Detroit Newspaper Agency*, 154 F.3d 276, 279 (6th Cir. 1998). Contrary to Starbucks's claims, the district court explained the evidence supporting the reinstatement. The district court detailed why it found injunctive relief just and proper. And Starbucks did not show a likelihood of success in challenging the relief. Because Starbucks cannot prove one of a stay's "most critical" factors, *Nken*, 556 U.S. at 434−35, we need not analyze the other factors. The district court did not abuse its discretion in issuing a § 10(j) injunction.

No. 22-5730

## IV.

Thus, we **VACATE** the administrative stay, **DENY** Starbucks's motions to strike, and **DENY** Starbucks's motion to stay pending an appeal.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk